IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVIC RANDIG AND
LINDA RANDIG,

        Plaintiffs,

v.

BLACK & DECKER (U.S.) INC,
Trading and doing business as DEWALT,

        Defendant.

14cv0862

**ELECTRONICALLY FILED**

**MEMORANDUM ORDER GRANTING RENEWED MOTION
TO AMEND/CORRECT COMPLAINT [DOC. NO. 30]**

This product liability lawsuit was originally filed in State Court but was removed by Defendant to this Court, which has diversity jurisdiction over this matter.

Presently before the Court, is Plaintiffs' Renewed Motion to Amend/Correct the Complaint seeking to amend their Complaint due to their misidentification of the product at issue. See doc. nos. 1-2, ¶ 4, and 30. Defendant has filed a Brief in Opposition to the Renewed Motion to Amend/Correct the Complaint. Doc. no. 32. Plaintiffs filed a Reply Brief. Doc. no. 34. This matter is now ripe for adjudication.

**I. Factual and Procedural Background**

The Complaint was originally filed on June 2, 2014 in the Court of Common Pleas of Allegheny County. Doc. no. 1-2. On July 1, 2014, almost one month later, Defendant removed the case to the United States District for the Western Pennsylvania. Doc. no. 1. On July 2, 2014, the Court issued an Order setting the initial case management conference for August 14, 2014.

The Complaint alleged that Plaintiff, David Randig, was injured on August 1, 2012, while using a DeWalt 4 ½ inch angle grinder ("D 28402") in his home. Doc. no. 1-2 ¶ 4. Plaintiffs' product liability claim alleged (*inter alia*) that this particular angle grinder was defective in that it had a lockable on-off switch, that it lacked a "dead man switch," that it did was not equipped with an "auto stop feature," was improperly labeled and did not contain the appropriate warnings. Doc. no. 1-2, ¶ 12. Defendant denied these allegations in its Answer. Doc. no. 4, ¶¶ 4, 12.

On August 25, 2014, Plaintiffs served Defendant with a set of Interrogatories and a Request for Production of Documents. See doc. nos. 17-1 and 17-2. Within these discovery requests the Plaintiffs define "the product" as the DeWalt 4 ½ angle grinder ("D 28402"). Id. This is the same product that Plaintiffs identified in their Complaint.

On or before September 22, 2014, Defendant sought a one-week extension of time to provide its discovery responses to Plaintiffs. See doc. no. 17-3. Plaintiffs agreed to extend the 30-day discovery deadline by one week so that Defendant could provide "full and complete responses" to the discovery, but refused to extend the deadline for the filing of objections. Id. As a result, Defendant moved this Court to grant it an extension of time to complete its discovery responses. Doc. no. 17. However, on September 25, 2014, Defendant withdrew its Motion, noting that it had been "able to timely complete its responses" without needing to obtain an extension. Doc. no. 18, ¶¶ 7-8.

On October 9, 2014, the parties attended mediation with a neutral, but the mediation did not resolve this matter. See doc. no. 20. October 10, 2014, Plaintiffs filed their First Motion to Amend/Correct the Complaint ("First Motion") wherein they indicated that they had identified the wrong model number on their angle grinder and indicated the correct model number was

"DW827." Doc. no. 21, ¶ 2. Plaintiffs noted in their First Motion that they had used the correct model number in 2013, when they first notified Defendant of the incident. Doc. no. 21, ¶¶ 3-4.

The Court granted Plaintiffs' First Motion (doc. no. 23), but vacated the Order granting Plaintiffs' First Motion after Defendant filed a Motion for Reconsideration and a Brief in Opposition to the Plaintiffs' First Motion. See doc. nos. 25-26, and text Order dated October 17, 2014. On October 20, 2014, Plaintiffs filed a Renewed Motion for Leave to Amend/Correct Complaint ("Renewed Motion") which made the same request – to be permitted to amend their Complaint to set forth the proper model number ("DW827"). Doc. no. 30. In their Renewed Motion, Plaintiffs again note that in 2013, they provided the correct model to Defendant. The Renewed Motion further indicates that on August 14, 2014, Plaintiffs provided the "subject angle grinder" to Defendant for inspection, and notes that the "broken disc [was] still attached." Id., ¶¶ 5-6.

Defendant's Brief in Opposition to Plaintiff's Motion to Amend sets forth several reasons why Plaintiffs should not be permitted to amend their Complaint. Doc. no. 32. Defendant's primary argument is that it was not supplied with the correct model number for the actual product at issue prior to expiration of the statute of limitations.

For the reasons set forth herein, the Court will grant Plaintiffs leave to amend their Complaint.

## II. Standard of Review

The Federal Rules of Civil Procedure require that leave to file an amended pleading "shall be freely given as justice so requires." Fed.R.Civ.P. 15(a); see also *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989) (finding a "strong liberality" in permitting leave to file an amended pleading). However, leave to file is not without limits. See, *e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend is appropriate in circumstances "such as . . . bad faith, . . . undue prejudice to the opposing party . . . , [and] futility of amendment").

## III. Discussion

Plaintiffs argue that the notice they sent to Defendant in 2013 – which contained the correct model number and predated the Complaint – is sufficient to place Defendant on notice of precisely which product Plaintiffs allege is defective. Moreover, Plaintiffs note that Defendant's expert's August/September, 2014 inspection of the actual model – which was the same model they referenced in their 2013 correspondence – provides more than sufficient notice of the specific product Plaintiffs' assert is defective. Doc. no. 30, ¶¶ 2, 5, 8, 9.

Defendant primarily argues that Plaintiffs' proposed amendment to correct the model number, and thereby correctly identify the precise model of the product at issue, changes "the operative facts and substantive bases of the 'pre-statute' [C]omplaint." Doc. no. 32, p. 1.

Plaintiffs disagree with Defendant and assert that the model number of the specific angle grinder at issue is not an "operative fact."

The United States Supreme Court has examined terms such as "materiality" and "operative facts" and in doing so, noted as follows:

> Judge Weinstein, for example, defines as synonymous the words "ultimate fact," "operative fact," "material fact," and "consequential fact," each of which, he

states, means "a 'fact that is of consequence to the determination of the action.'"
1 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 401[03], n. 1 (1982) (quoting Fed. Rule Evid. 401).

*U.S. v. Bagley*, 473 U.S. 667, 703, fn.5.

Here, Defendant in support of its position argues that the Pennsylvania Superior Court[1] case of *Reynolds v. Thomas Jefferson Univ. Hosp.,* 676 A.2d 1205 (Pa. Super. 1996) is akin to this situation. In *Reynolds,* the plaintiff sued the hospital claiming its anesthesiologist was negligent. During the course of discovery the plaintiff discovered that someone other than the anesthesiologist was negligent and the probable cause of her injuries. A jury found for the plaintiff and the trial court judge refused to enter judgment notwithstanding the verdict at the hospital's request.

On appeal, the Superior Court noted that a "material" discrepancy existed between the pleadings – at no time did the plaintiff move to amend her complaint – and the proof offered during the trial. Simply put, the Superior Court found that the proof at trial advanced a different claim than that which was set forth in the pleadings – the pleadings alleged negligence by physician who performed intubation and extubation (the anesthesiologist), but the proof at trial related to the alleged negligence of a different physician who failed to recognize the seriousness of the plaintiff's hoarse condition following extubation.

In this case, Defendant analogizes Plaintiffs' identification of a different model angle grinder to the plaintiff's identity of a different doctor responsible for the alleged malpractice in the *Reynolds* case. Defendant contends that Plaintiffs' proposed amendment in this case "fundamentally changes the cause of action asserted." They further note that Plaintiffs' attempt

---

[1] Defendant contends that Pennsylvania substantive law controls this matter, not federal procedural law. In either case, this Court concludes that Plaintiffs' amendment should be permitted.

to amend the Complaint post the expiration of the statute of limitations further precludes them from amending their Complaint to properly identify the precise product at issue.

This Court disagrees. The defendant in this case – unlike *Reynolds* – remains unchanged. Here Defendant DeWalt is the only defendant Plaintiff seeks to recover against. Plaintiff sued DeWalt under a theory of product liability alleging the Defendant was "engaged in the business of designing, manufacturing, and/or selling angle grinders[,]" and that "the angle grinder was expected to and did reach the Plaintiff . . . without substantial change in the condition in which it was manufactured for sale." Doc. no. 1-2 ¶¶ 9-10. The Complaint describes how the angle grinder was defective as follows:

> a. In having a lockable on-off switch which could hinder a user from quickly terminating the angle grinder's action;
>
> b. In failing to equip the angle grinder with a dead man switch;
>
> c. In failing to provide all features and accouterments necessary to make it safe for its intended use including but not limited to an auto stop feature;
>
> d. In failing to properly label the angle grinder; and
>
> e. In failing to have proper and appropriate warnings.

Id., ¶12.

Although paragraph 4, misidentifies the angle grinder as a "De Walt 4½ inch D 28402 angle grinder" the "operative facts" meaning those facts which are of consequence to the determination of the action remain unchanged by Plaintiffs' proposed amendment. Stated another way, Plaintiffs' Complaint did not have to set forth the exact model number of the angle grinder. It would have been sufficient for Plaintiffs to indicate that one of the plaintiffs was injured by an angle grinder which was designed, manufactured, and/or sold by Defendant, and that the subject angle grinder reached Plaintiffs without any substantial change in which it was

manufactured for sale. Thus, due to Plaintiffs' counsel's attempt to be more specific as to which angle grinder was used by Plaintiff, David Randig, and due to Plaintiffs' counsel's misidentification of the precise angle grinder at issue, Defendant now opposes the Renewed Motion, and posture this case for dismissal. The Court does not agree that Plaintiffs' counsel's failure to correctly identify the precise model number of the angle grinder is a fact which is of consequence to the determination of this action – at this juncture of the proceedings.

This Court finds it compelling that Plaintiffs placed Defendant on notice of the correct model number in 2013, prior to the filing of the original Complaint and well prior to the expiration of the statute of limitations. While it was certainly not incumbent upon Defendant to notify Plaintiffs' counsel of the discrepancy between model number identified in the 2013 notice and the model number identified in the 2014 Complaint, and while Plaintiffs' counsel appears, at best, to have been careless by pleading an incorrect model number, Plaintiffs themselves should not have to bear the burden of this sort of lax lawyering.[2]

Moreover, the Court notes that during the initial case management conference, this Court set October 14, 2014 as the date upon which amendments to the pleadings could be filed. Plaintiffs timely filed their First Motion to Amend/Correct the Complaint concerning indicating they had misidentified the model number in their original Complaint.

---

[2] Given these facts, the Court finds Fed.R.Civ.P. 15(c) instructive. Rule 15(c) of the Federal Rules of Civil Procedure governs the effect of amended pleadings, and in pertinent part states:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of original pleading when ...
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

It is apparent that one of the effects of Rule 15(c) is to relax without obliterating, the statute of limitations. The United States Court of Appeals for the Third Circuit has explained that "in essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. Thus, whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds" is tantamount. *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004) (citing *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)).

Also, during the initial case management conference the Court set this case for trial on March 2, 2015. Thus, the trial of this case is over four months from today's date, thereby giving Defendant ample opportunity – once the Complaint is amended – to thoroughly investigate the precise model of angle grinder at issue.

Finally, the Court also notes that Defendant conducted its initial inspection of the subject angle grinder in late August and/or early September of 2014 – post the expiration of the statute of limitations, but very early in these legal proceedings, considering the Complaint was filed in early June of 2014 and Defendant filed its answer on July 1, 2014. The actual angle grinder used by Plaintiff, David Randig, was inspected – not an exemplar. Thus, as of late August/early September, Defendant was able to conduct its first inspection of the exact angle grinder. Thus, this Court fails to see how Defendant is prejudiced by Plaintiffs' amendment at this juncture in the proceedings.

**IV. Conclusion**

Because amendments "shall be freely given as justice so requires," the proposed amendment does not create a new cause of action nor identify a new party, and given that Defendant will not suffer any actual prejudice by Plaintiffs' amendment to their Complaint at this juncture of the legal proceedings, the Court will grant the Plaintiffs' Renewed Motion to Amend/Correct the Complaint (doc. no. 30). An appropriate Order follows.

**ORDER OF COURT**

AND NOW, this 24th day of October, 2014, it is hereby ORDERED that Plaintiffs' Renewed Motion to Amend/Correct the Complaint (doc. no. 30), is GRANTED such that Plaintiffs are permitted to amend their Complaint to insert the correct the model number of the subject angle grinder. The Amended Complaint must be filed on ECF by close of business on October 27, 2014. Defendants' Answer to the Amended Complaint should be filed on or before close of business on October 31, 2014. Any discovery requests and/or responses should likewise be amended to identify the correct model number of the subject angle grinder.

                                         s/ Arthur J. Schwab
                                         Arthur J. Schwab
                                         United States District Judge

cc: All Registered ECF Counsel and Parties